Citation Nr: 1546189 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 09-03 604A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Salem, Virginia


THE ISSUES

1. Entitlement to payment or reimbursement for medical expenses incurred on December 26, 2007, from Johnston Memorial Hospital and BestPractices of North Carolina.

2. Entitlement to payment or reimbursement for medical expenses incurred on January 1, 2008, from Johnston Memorial Hospital and BestPractices of North Carolina.

3. Entitlement to payment or reimbursement for medical expenses incurred on February 6, 2008, from Johnston Memorial Hospital and BestPractices of North Carolina.

4. Entitlement to payment or reimbursement for medical expenses incurred from November 16, 2008, through November 20, 2008, from Johnston Memorial Hospital.

5. Entitlement to payment or reimbursement for medical expenses incurred from November 19, 2008, through November 20, 2008, from Rex Hospital/Critical Health Systems of North Carolina.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Michael T. Osborne, Counsel


INTRODUCTION

The Veteran had active service from June 1951 to June 1955 and from July 1963 to July 1964.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from decisions of the Veterans Affairs (VA) Medical Center in Salem, Virginia.

A Board hearing was scheduled for October 2011, but the Veteran failed to report or to submit a timely request to reschedule the hearing. As such, his hearing request is deemed withdrawn. 38 C.F.R. § 20.704(d) (2015).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

In August 2013, the Board remanded this matter to the Agency of Original Jurisdiction (AOJ) for additional development. As is explained below in greater detail, it does not appear that the AOJ complied with the Board's prior remand instructions.

Unfortunately, the appeal is REMANDED again to the AOJ. VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that he is entitled to payment or reimbursement for medical expenses incurred on multiple dates in 2007 and in 2008 from Johnston Memorial Hospital, BestPractices of North Carolina, and from Rex Hospital/Critical Health Systems of North Carolina. Having reviewed the record evidence, and although this claim already has been remanded to the AOJ, the Board reluctantly concludes that another remand is necessary before the underlying claims can be adjudicated on the merits.

In its August 2013 remand, the Board specifically directed the AOJ to "obtain and associate with the claims file complete records from" Johnston Memorial Hospital, BestPractices of North Carolina, and from Rex Hospital/Critical Health Systems of North Carolina. See Board remand dated August 27, 2013, at pp. 8-9. Although the AOJ issued a Supplemental Statement of the Case (SSOC) on each of the Veteran's 5 currently appealed claims in December 2013, and although this case was not returned to the Board until August 2015 (the reason for this unusual delay is not clear to the Board), there is no indication that the AOJ made any attempt to obtain the Veteran's complete records from each of the private facilities where he sought treatment in 2007-2008 and for which he has been seeking reimbursement since approximately 2009. Instead, it appears that the only thing that the AOJ did in this case was to readjudicate each of the Veteran's claims and deny them again on the merits. 

In Stegall v. West, 11 Vet. App. 268 (1998), the Court held that a remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders. The Board notes in this regard that compliance with its remand directives by the AOJ is not discretionary. The Board notes that judicial review is frustrated in this case by the AOJ's apparent failure to comply with the prior remand directives in August 2013. Thus, another remand is required. 


Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. As requested in the Board's August 2013 remand, contact the Veteran and/or his service representative and ask him to provide appropriate authorization to obtain and associate with the claims file complete records from:

(1) Johnston Memorial Hospital pertaining to medical expenses incurred on December 26, 2007, January 1, 2008, February 6, 2008, and from November 16, 2008, to November 20, 2008; 

(2) BestPractices of North Carolina pertaining to medical expenses incurred on December 26, 2007, January 1, 2008, February 6, 2008, and from November 16, 2008, to November 20, 2008; and

(3) Rex Hospital/Critical Health Systems of North Carolina pertaining to medical expenses incurred from November 19, 2008, to November 20, 2008.

Two attempts should be made to obtain relevant non-Federal records, unless a formal finding can be made that a second request for such records would be futile. See Pub. L. No. 112-154, § 505, 126 Stat. 1165, 1193 (2012). If such records are unavailable, the claims file should be clearly documented to that effect, and the Veteran must be notified of any inability to obtain these records in accordance with 38 C.F.R. § 3.159(e).

2. Review the claims file to ensure substantial compliance with these remand directives. If substantial compliance has not occurred, take appropriate corrective action. See Stegall v. West, 11 Vet. App. 268 (1998).

3. Review all evidence received since the last prior adjudication and readjudicate the Veteran's claims. If the determination remains unfavorable to the Veteran, then the RO should issue a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law and regulations considered pertinent to the issues. An appropriate period of time should be allowed for response by the Veteran and his service representative. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).